JOHN S. LEONARDO
United States Attorney
District of Arizona
CRAIG H. RUSSELL
MATTHEW G. ELTRINGHAM
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
craig.russell2@usdoj.gov
matthew.eltringham@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

United States of America,

    Plaintiff,

vs.

1. Najib Alghaithi,
   a.k.a. Nagib Alghaithi,
   (Count 1),

2. Abdulkader Alghaithi,
   (Counts 1, 2, 3),

3. Musa Salaheldin
   (Count 1),

    Defendants.

CR

I N D I C T M E N T

Violations:

21 U.S.C. §846
(Conspiracy to commit Possession with Intent to Distribute)
Count 1

21 U.S.C. §841
(Possession with Intent to Distribute)
Count 2

18 U.S.C. §1349
(Conspiracy to Commit Mail Fraud)
Count 3

Forfeiture

(UNDER SEAL)

CR 16-1430 TUC JGZ(LCK)

**THE GRAND JURY CHARGES:**

# COUNT 1
**Conspiracy to Possess with Intent to Distribute a Controlled Substance**

**21 U.S.C. § 846**

1. From a time unknown, but specifically from the beginning in or about February 2011, and continuing through the date of this indictment, occurring in California, Colorado and in or near Tucson, in the District of Arizona, Najib Alghaithi, Abdulkader Alghaithi, and Musa Salaheldin did knowingly and intentionally combine, conspire, confederate and agree with each other and other persons known and unknown to the grand jury, to possess with intent to distribute a controlled substance, that is, synthetic cannabinoids that contained compounds known AB-PINACA, AB-CHMINACA, UR-144, and XLR-11, all are Schedule I controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). All in violation of Title 21, United States Code, Section 846.

**COUNT 2**
**Possession with intent to distribute a controlled substance**
**21 U.S.C. § 841**

2. On or about October 30, 2015, at or near Tucson, in the District of Arizona, Abdulkader Alghaithi did knowingly and intentionally possess with intent to distribute synthetic cannabinoids that contained a compound known as AB-PINACA, a Schedule I controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**COUNT 3**
**Conspiracy to commit Mail Fraud**
**18 U.S.C. § 1349**

3. From a time unknown, but specifically from the beginning in or about January 2012, and continuing through the date of this indictment, occurring in California, Colorado and in or near Tucson, in the District of Arizona, in the District of Arizona, throughout the United States, and elsewhere, the defendants, Abdulkader Alghaithi and others known and unknown to the Grand Jury, knowingly and intentionally conspired to commit Mail Fraud in violation of Title 18, United States Code, Section 1341, that is, the defendants conspired to devise a scheme and artifice to defraud the Food and Drug Administration, defraud the public, and to obtain money by means of materially false and fraudulent pretenses and

representations, that is false pretenses and representations that "Klimax," "Hydro," and other synthetic cannabinoid products were "incense" "potpourri" or "not for human consumption," when in truth and fact these substances were synthetic cannabinoids that contained controlled substances and controlled substance analogues, that were intended for human consumption as a drug, and for purpose of executing such scheme and artifice, to mail synthetic cannabinoid products to be sent to be delivered by commercial interstate carrier, all contrary to the provisions of Title 18, United States Code, Section 1341.

4. *Object of the Conspiracy:* It was the object of the conspiracy that the defendants, with persons known and unknown to the Grand Jury, having devised and intending to devise a scheme and artifice to defraud the Food and Drug Administration, defraud the public, and to obtain money by means of materially false and fraudulent pretenses and representations related to the distribution of synthetic cannabinoids listed above along with the proceeds derived from the sale of those synthetic cannabinoids.

5. *Manner and Means of the Conspiracy, and Scheme to Defraud*: The manner and means by which the defendants and other co-conspirators known and unknown to the Grand Jury sought to accomplish the objects of the conspiracy included, among others, the following:

    a. The defendants own and operate smoke shops in the greater Tucson, Arizona, area where they sell synthetic cannabinoids in addition to "legitimate" items.

    b. When the synthetic cannabinoid supply in the stores run low, they coordinate with other drug trafficking organizations who supply the synthetic cannabinoids in order to resupply their stores. During these communications is when the price per unit and type of synthetic cannabinoid are discussed and agreed upon.

    c. Once the agreement is reached the synthetic cannabinoids are shipped via FedEx, United Parcel Service ("UPS") and/or another shipping corporation, from the greater Los Angeles, California, area to the residence of Abdulkader Alghaithi, in Tucson Arizona.

d.   There were approximately 14 separate mailings from the greater Los Angeles, California, area to 3975 East Agate Knoll Drive, in Tucson, Arizona.

e.   The synthetic cannabinoids are then distributed to whichever smoke shop needs to be resupplied. Once resupplied, the smoke shops will sell the synthetic cannabinoids to the public.

f.   Many of the packets, whether shipped or received in person, were labeled either, "incense," "potpourri," and/or "not for human consumption." Despite these labels, it was clear that these items were specifically not incense, potpourri, and were intended for human consumption.

g.   During the time period of the conspiracy, the defendants' fraudulent conduct caused losses to the FDA and the public.

All in violation of Title 18 United States Code, Section 1349.

## FORFEITURE ALLEGATION

Upon conviction of the offense as alleged in Count One of the Indictment, defendants, Abdulkader Alghaithi, Najib Alghaithi, and Musa Salaheldin, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853:

a.   All right, title, and interest in (1) any property, real or personal, constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of the said violations, and (2) any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate, the commission of the said violations; and

b.   The real property known as and located at 3975 East Agate Knoll Drive, Tucson, Arizona, with Pima County Assessor's parcel number 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, and

c.   A sum of money equal to the amount of proceeds obtained as a result of the offense, for which the defendants are jointly and severally liable.

Upon conviction of the offense as alleged in Count Two of the Indictment, defendants, Abdulkader Alghaithi and Najib Alghaithi, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853:

    a. All right, title, and interest in (1) any property, real or personal, constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of the said violations, and (2) any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate, the commission of the said violations; and

    b. The real property known as and located at 3975 East Agate Knoll Drive, Tucson, Arizona, with Pima County Assessor's parcel number 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, and

    c. A sum of money equal to the amount of proceeds obtained as a result of the offenses for which the defendants are jointly and severally liable.

Upon conviction of the offenses as alleged in Count Three of the Indictment, the defendants, Abdulkader Alghaithi and Najib Alghaithi, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to a sum of money equal to the amount of proceeds obtained as a result of the offenses.

If any of the forfeitable property, as a result of any act or omission of the defendants: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal, owned by the defendants.

1   All pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/ S /

Presiding Juror

JOHN S. LEONARDO
United States Attorney
District of Arizona

/ S /

Assistant U.S. Attorney

Dated:

JUL 2 0 2016

REDACTED FOR
PUBLIC DISCLOSURE