**LAW OFFICES OF THOMAS JACOBS**
**271 North Stone Avenue**
**Tucson, Arizona 85701**
**Phone: (520) 628-1622**
**FAX   : (520) 628-4534**

Thomas Jacobs, Esq.
State Bar No. 013275
P.C.C. No. 64489
tjacobs@jacobsazlaw.com

Attorney for:    ABDULKADER ALGHAITHI.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>vs.<br><br><br>**ABDULKADER ALGHAITHI,**<br><br>**Defendant.** | **No. CR16-1430-JGZ-LCK**<br><br><br>**MOTION IN LIMINE TO LIMIT EXPERT TESTIMONY REGARDING DRUG EFFECTS** |

It is not expected that excludable delay under Title 18, U.S.C. § 3161(h)(1)(F) will occur as a result of this motion or from an order based thereon.

The Defendant, ABDULKADER ALGHAITHI, by and through counsel undersigned, respectfully moves the Court, *in limine*, for its order limiting the testimony of the Government's expert(s) so as to restrict the nature of testimony regarding the effects or potential/predicated effects of drugs on the user.  Limitation of testimony is appropriate for the following reasons:

1

1.      Based on the Rule 16 Expert Witness Disclosure Summaries provided by the Government in September 2016, December 2017 and February 2018, it appears that the Government's experts are prepared to testify that the substances involved in this case are either (a) Schedule I or Schedule II controlled substances, or (b) analogues to Schedule I or Schedule II controlled substances.

2.      The Government's Rule 16 Disclosures each contain a proffer of testimony that contains the following language, or language substantially similar to this language:

> "Based on a review of the currently available scientific literature and data from studies conducted under the Department of Veterans Affairs (VA) and the National Institute on Drug Abuse (NIDA) research contracts, AMB-FUBINACA has a hallucinogenic effect on the central nervous system that is substantially similar to the hallucinogenic effect on the central nervous system of N-(1-amino-3-methyl-1-oxobutan-2-yl)-1-(4-fluorobenzyl)-1H-indazole-3-carboxamide (AB-FUBINACA), a Controlled Substances Act (CSA) schedule I substance.
>
> …
>
> "Synthetic cannabinoid use has been reported to produce serious adverse health effects such as impaired memory and motor coordination, altered judgment, psychosis, hallucinations, and cardiotoxic effects.  Other effects reported from the use of synthetic cannabinoids include excited delirium, acute kidney injury, seizures, coma and death."  BATES 116216, 2/16/18.

3.      Testimony regarding the effects of drugs is necessary to the Government's case-in-chief, to the extent that the Government is required to prove that the prohibited substance was an "analogue substance" to a Schedule I or Schedule II controlled substance.  However, where the Government otherwise relies on the substance being either (a) listed as a controlled substance (such as AB-FUBINACA), or (b) an analogue substance with a chemical structure substantially similar to a controlled substance, see U.S.S.G. 2D1.1, testimony regarding effects of the drug is unnecessary, and would be irrelevant and inadmissible.

4.      To the extent that the Government seeks to introduce testimony regarding effects

of the drug in order to establish it's prohibited status as a substance which is intended to produce or does produce an effect substantially similar to a listed, prohibited substance (in this case, THC/Marijuana), the court should limit the testimony to the portion of the expert affidavit stating:

> "Based on a review of the currently available scientific literature and data from studies conducted under the Department of Veterans Affairs (VA) and the National Institute on Drug Abuse (NIDA) research contracts, AMB-FUBINACA has a hallucinogenic effect on the central nervous system that is substantially similar to the hallucinogenic effect on the central nervous system of N-(1-amino-3-methyl-1-oxobutan-2-yl)-1-(4-fluorobenzyl)-1H-indazole-3-carboxamide (AB-FUBINACA), a Controlled Substances Act (CSA) schedule I substance.

Defendant submits that any further testimony would be irrelevant, and otherwise unfairly prejudicial to the defense, and therefore inadmissible under Rule FRE 403, particularly since the additional alleged effects are (a) based in part on insufficient studies conducted on animals, (b) based in part on self-reported usage by subjects presenting for treatment in hospitals with the possibility that the reported usage was combined with other substances, and (c) are not consistent with the effects of THC/Marijuana, which is the prohibited substance the Government seeks to use as an analogue in this case.  Furthermore, such testimony (as summarized), in additional to having little or no relevance to the Government's case-in-chief, would have an undue tendency to inflame the jury and incite the jury toward a verdict based upon emotion rather than rational thought.

RESPECTFULLY SUBMITTED this 2nd day of March, 2018

**LAW OFFICES OF THOMAS JACOBS**

By

Thomas Jacobs, Esq.
Attorney for Defendant

Copy of the foregoing electronically
mailed this 2nd day of March, 2018, to:

Jennifer G. Zipps
U.S. District Judge

Matthew Eltringham
Assistant United States Attorney

Nathaniel Walters
Assistant United States Attorney