# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Abdulkader Naji Alghaithi,<br><br>Defendant. | No. CR-16-01430-002-TUC-JGZ (LCK)<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Lynette Kimmins's Report and Recommendation (R&R) recommending that the District Court: (1) release $37,000 to Zakiriea Abdulkader Alghaithi; (2) retain the remaining $50,579 pending resolution of issues that will inform the Court's analysis as to whether any of the funds are subject to reimbursement; and (3) keep the referral of pending matters with the Magistrate Judge. (Doc. 323.) The United States has filed an objection to the recommendation that the Court release funds to Zakiriea. (Doc. 327.) After considering the R&R and the arguments raised in the United States' objection, the Court will overrule the objection and adopt Judge Kimmins's R&R.

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991) (*citing Britt v. Simi Valley Unified*

*Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)). Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting de novo review of the Magistrate Judge's factual findings; the Court then may decide the dispositive motion on the applicable law. *Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979) (citing *Campbell v. United States Dist. Ct.*, 501 F.2d 196 (9th Cir. 1974)).

## DISCUSSION

Following a jury trial, Defendant Abdulkader Naji Alghaithi was found guilty of two counts of conspiracy to commit with intent to distribute controlled substances and one count of possession with intent to distribute controlled substances, and acquitted of conspiracy to commit mail fraud. A jury was retained to determine whether Defendant's residence at 3975 East Agate Knoll Drive, Tucson, AZ, a 2015 Chevrolet Spark, and $87,597 in U.S. currency found at the residence were subject to forfeiture. The jury concluded that the home and the vehicle were forfeitable—but not the currency.

On December 17, 2018, Defendant filed a notice of lodging and lodged an order for return of property held in forfeiture, which the Court construes as a motion for return of property. (Doc. 270.) The United States responded by filing a request for a hearing in order to determine whether Defendant's newly discovered funds should be applied to reimburse the CJA fund for Defendant's representation during his criminal trial (Doc. 275), which the Court granted. (Doc. 277.) At the hearing on March 21, 2019, both Defendant and his son, Zakiriea Abdulkader Alghaithi, testified that $37,000 of the currency belonged to Zakiriea, and should therefore be released. Zakiriea testified that he had previously filed a seized asset claim form with the DEA claiming $37,000 of the $87,597 seized.[1] (Exh. 31.) Judge Kimmins found that this testimony was not refuted by the United States.

"A person aggrieved . . . by the deprivation of property may move for the property's

---
[1] The United States contends in its objection that it is "noteworthy that Zakiriea's initial claim to the U.S. currency was $34,708, and not the $37,000 to which he testified. (Exh. 31.)" This contention misstates the evidence. The seized asset claim form shows that Zakiriea submitted two claims in the form: one for $34,708 of Asset ID Number: 16-DEA-623881, and one for $37,000 of separate Asset ID Number: 16-DEA-623882. *See* Exh. 31. The latter claim was the only seized asset of relevance in the hearing before Judge Kimmins. Thus, Zakiriea's hearing testimony that he was the owner of the $37,000 was consistent with his earlier made claim.

return." Fed.R.Crim.P. 41(g). "Ordinarily, property seized for purposes of a trial that is neither contraband nor subject to a forfeiture statute is to be returned to the defendant at the end of the trial." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060-61 (9th Cir. 1991). "[W]hen the property in question is no longer needed for evidentiary purposes . . . . [t]he person from whom the property is seized is presumed to have the right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987).

Here, the government argues that the funds belonging to Defendant should be retained in order to reimburse the costs of Defendant's court appointed counsel pursuant to 18 U.S.C. § 3006A(f). *See United States v. Bracewell*, 569 F.2d 1194, 1197 (2d Cir. 1978) (holding the government was entitled to retain seized funds for CJA attorney's fees reimbursement); *United States v. Dominguez-Calderon*, No. 07-20099-19, 2010 WL 1424335, at *2 (W.D. Kan. Apr. 5, 2010) (analyzing whether to apply seized funds not subject to forfeiture to CJA expenses); *United States v. Palenzuela-Mendez*, No. 4:14-cr-00031, 2018 WL 6171471, at *2 (S.D. Ind. Nov. 26, 2018) (same); *United States v. Bell*, Nos. 07 C 26, 04 CR 382, 2007 WL 2303587, at *2-3 (N.D. Ill. Aug 9, 2007) (same). Pursuant to the Criminal Justice Act (CJA),[2] Defendant was deemed financially unable to obtain representation and furnished with counsel. The Act provides, however, that "[i]f at any time after the appointment of counsel the U.S. magistrate judge or the court finds that the person is financially able to . . . make partial repayment for the representation, it may . . . authorize payment." *See* 18 U.S.C. §§ 3006A(c), (f); *United States v. Lorenzini*, 71 F.3d 1489, 1494 (9th Cir. 1995).

In order to determine whether funds are available for reimbursement, the court must consider a defendant's present ability to repay the funds. *United States v. Danielson*, 325 F.3d 1054, 1077 (9th Cir. 2003). In this case, Defendant's ability to repay funds depends on a number of issues currently pending consideration—including whether his wife, Hebah Alghaithi, is entitled to a community property interest in the forfeited residence, as well as

---

[2] 18. U.S.C. § 3006A(a).

whether a portion of the seized funds not subject to forfeiture belong to Ms. Alghaithi, and whether those funds are available to reimburse CJA expenses. Accordingly, the Court will adopt the recommendations that the remaining funds be retained pending resolution of these issues, and that the District Court keep the referral of these pending matters with Magistrate Judge Kimmins.

The United States contends that Zakiriea does not have a lawful claim to $37,000 of the $87,597 seized, and that all or at least a portion of those funds are Defendant's and available for consideration as to whether Defendant is financially able to reimburse CJA fees. A claimant must prove the right to lawful possession of seized property. *See Omidi v. United States*, 851 F.3d 859, 862-83 (9th Cir. 2017); *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993); *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005). Zakiriea did so here. Both Zakiriea and Defendant testified at the March 21 hearing that $37,000 of the seized assets belonged to Zakiriea. (RT 3/21/19, at 12-14, 19.) Defendant further testified that money found in the couch, elsewhere in the house, and in a large stack alongside a note with Zakiriea's name on it[3] belonged to Zakiriea. (RT at 55, 64.) This testimony was consistent with that provided during Defendant's trial. (Doc. 290, pgs. 64-66, 69-70.) Finally, Zakiriea lived in the home from which the currency was seized. (RT at 11.)

The United States challenges the sufficiency of the evidence in support of Zakiriea's claim, but does not demonstrate any inconsistencies in the evidence supporting his claim[4]

---

[3] The note was on the stack of currency before law enforcement arrived at the house and seized the money. (RT at 65.)

[4] As discussed in nt. 1, the United States is incorrect in its contention that Zakiriea's initial claim was for $34,708, and not $37,000. The United States is also incorrect in its argument that at both the March 21 hearing and at trial, Defendant established only that $500 found on the couch and an additional $5,000 found in the house belonged to Zakiriea. As the Government itself acknowledges, Defendant also testified at trial that a bag of U.S. currency found in the house belonged to Zakiriea. Exhibit 52, introduced at trial and at the March 21 hearing (RT at 64), depicted the bag, along with a note that stated "$30,000," and—as Defendant testified on March 21—Zakiriea's name. Defendant further confirmed at the hearing that the bag belonging to Zakiriea contained $30,000, consistent with the note. The Government does not explain why the Court should discount this evidence, but not the evidence pertaining to $5,500 found on the couch and in the house.

or offer any evidence suggesting that the funds belong to Defendant or anyone else instead.[5] Accordingly, the Court finds that Zakiriea established his ownership of the $37,000 of the seized assets. Because the government has not provided any justification for further retaining Zakiriea's property, the Court concludes that the Magistrate Judge's Recommendation as to those funds should be adopted.

## CONCLUSION

IT IS ORDERED that the Report and Recommendation (Doc. 323) is ADOPTED.

IT IS FURTHER ORDERED that the motion for return of property (Doc. 270) is GRANTED IN PART to the extent provided in this Order.

IT IS FURTHER ORDERED that the United States release $37,000 to Zakiriea Abdulkader Alghaithi within seven (7) days of the date of this Order.

IT IS FURTHER ORDERED that the balance of the funds in the amount of $50,579 be retained by the United States pending resolution of the remaining issues, which are referred to and pending before Magistrate Judge Kimmins for report and recommendation.

Dated this 8th day of May, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge

---

[5] Although Zakiriea testified that has a business in Tucson—Royal Hookah Lounge, Zakiriea did not testify as to the source of the $37,000. Likewise, the Government did not inquire as to the basis for Zakiriea's claim of ownership or ask about the source of the funds.