# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-01430-002-TUC-JGZ (LCK) |
| Plaintiff, | **ORDER** |
| v. | |
| Abdulkader Naji Alghaithi, | |
| Defendant. | |

Before the Court is Magistrate Judge Lynnette C. Kimmins' Report and Recommendation (R&R), recommending that the District Court grant Third-Party Petitioner Hebah Kaid Alghaithi's Motion for Summary Judgment. The Government has filed an objection. After reviewing the record, the Court will overrule the Government's objection and adopt Judge Kimmins' R&R.

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis omitted). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**DISCUSSION**

The relevant facts are undisputed, set forth in the R&R and repeated in part herein.[1] Petitioner Hebah Alghaithi and Defendant Abdulkader Alghaithi were married in 2003. (Doc. 342-2; Doc. 343 ¶ 1; Doc. 349 ¶ 1.) At the time of marriage, Defendant was living in the United States. (Doc. 343 ¶ 2; Doc. 349 ¶ 2.) Petitioner, at the time, was living in Yemen; she first entered the United States on December 13, 2016. (Doc. 348 ¶ 9; Doc. 348-2 ¶ 6 Attachment A.) In January 2011, Defendant purchased a home at 3975 East Agate Knoll Drive, Tucson, Arizona, titled in his name alone; the debt to purchase the home was paid off in August of 2013. (Doc. 344-1; Doc. 342-3; Doc. 343 ¶ 3; Doc. 348-1 Attachment A; Doc. 349 ¶ 3.) In July 2015, Defendant purchased a 2015 Chevrolet Spark, titled in his name alone. (Doc. 342-1 ¶ 4; Doc. 343, ¶¶ 6, 7; Doc. 349 ¶¶ 6, 7; Doc. 348-1 Attachment B.)

In 2016, Defendant was indicted on criminal charges for a conspiracy beginning no earlier than February 2011 (Docs. 3, 40, 53, 292), and, following his conviction, the Court entered a Preliminary Order of Forfeiture for the home at 3975 East Agate Knoll Drive and the 2015 Chevrolet Spark, which a jury found were both used to commit or facilitate commission of Defendant's crimes. (Docs. 250, 258, 261.) On January 29, 2019, Petitioner filed a third-party claim, asserting a one-half community property interest in both the home and the vehicle. (Doc. 279.) After discovery, Petitioner moved for summary judgment on her claim. (Doc. 338.)

The Government objects on the same grounds already presented to and rejected by Magistrate Judge Kimmins. The Government first argues that Petitioner failed to establish a community property interest in the forfeited properties, because Petitioner and Defendant "had no marital domicile" or "marital community" (Doc. 352, pg. 2), and because there is "no evidence of record" establishing that the properties were purchased with community funds. (*Id.* at pg. 4.) As stated in the R&R, both properties were purchased with community funds. In Arizona, there is a "presumption that property acquired by either

---

[1] The Government appears to argue otherwise (Doc. 352, pg. 2), but disputes only the legal significance of certain facts throughout its brief.

spouse during marriage is community property." *Sommerfield v. Sommerfield*, 592 P.2d 771, 773 (Ariz. 1979); *see also* A.R.S. § 25-211; A.R.S. § 25-201 (defining property to include income and earnings). Petitioner and Defendant were married before Defendant purchased either property. Each asserts that Defendant purchased the property using community income (Docs. 342-1 ¶¶ 3-4; 342-4 ¶¶ 3-4), and the Government offers no evidence to the contrary. The Court thus concludes that the properties were purchased with community funds.

The Government again fails to provide support for its assertion that because Defendant and Petitioner were separately domiciled when the subject property was acquired, the property is not community property. Notwithstanding the fact that Defendant and Petitioner were living apart when Defendant acquired the properties, the Court is unaware of any authority that would rebut the community property presumption so as to characterize the home and vehicle as Defendant's separate property.[2] Moreover, where spouses have separate domiciles at the time of the acquisition, the local law of the state where the spouse acquiring a movable property was domiciled at the time ordinarily applies. Restatement (Second) of Conflict of Law § 258, comment (c) (1971). With respect to a house, the effect of the marriage is determined by the law that would be applied by the courts of the property's situs. Restatement (Second) of Conflict of Law § 234 (1971). Given that at least one spouse resided in Arizona at the time of purchase, and that the marriage was valid in Arizona, the Court agrees with the Magistrate Judge's determination that Arizona has a strong interest in the rights to the property.

The Government's final objection is that the forfeited properties were not communal because both were titled in only Defendant's name. (Doc 352, pg. 5.) Property does not need to be titled in each spouse's name, however, to be considered community property. *E.g.*, *Sommerfield*, 592 P.2d at 773 (the presumption that property acquired by either spouse during the marriage is community property applies irrespective of which spouse

---

[2] The character of the property as separate or community is determined by its status at the time of its acquisition. *Musker v. Gil Haskins Auto Leasing, Inc.*, 500 P.2d 635, 637 (Ariz. 1972).

holds legal title).

## CONCLUSION

Accordingly,

IT IS ORDERED that:

1. The Report and Recommendation (Doc. 351) is ADOPTED;
2. Petitioner's Motion for Summary Judgment (Doc. 342) is GRANTED;
3. Petitioner's Petition reserving her fifty (50) percent interest in the 3975 East Agate Knoll Drive property and 2015 Chevrolet Spark Hatchback (Doc. 279) is GRANTED.

Dated this 21st day of October, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge