**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Abdulkader Naji Alghaithi,<br><br>Defendant. | No. CR-16-01430-002-JGZ-LCK<br><br>**ORDER** |

Pending before the Court is Defendant Abdulkader Naji Alghaithi's motion for early release. (Doc. 409.) Defendant requests that the Court allow Defendant to be released to home confinement via furlough pursuant to 18 U.S.C. § 3582, in conjunction with the CARES Act. Defendant seeks this relief on the grounds that COVID-19 poses a particularly high risk to him because of his age and preexisting health conditions.

Administrative exhaustion is required under 18 U.S.C. § 3582. The relevant portion of § 3582 permits a court to reduce a term of imprisonment upon:

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). When a statute contains "mandatory language . . . a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). The language of § 3582 contains no signal that administrative exhaustion or the passage of at least 30

days is optional. That is, the statutory language allows a prisoner to proceed to court only after "fully exhaust[ing] all administrative rights" or upon "the lapse of 30 days" after submitting a request to her warden. The statute gives two options, which implicitly precludes other possibilities. *See, e.g.*, *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) ("The doctrine of *expressio unius est exclusio alterius* as applied to statutory interpretation creates a presumption that when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions.").

Defendant's motion does not state that he has exhausted or attempted to exhaust his administrative remedies. Accordingly, the Court will deny the motion as premature. Defendant must exhaust his administrative remedies under 18 U.S.C. § 3582 prior to filing a request with the Court for early release.

For the foregoing reasons,

**IT IS ORDERED** the Motion for Release to Home Confinement (Doc. 409) is **DENIED without prejudice**.

Dated this 7th day of May, 2020.

Honorable Jennifer G. Zipps
United States District Judge